UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CREEKSIDE HOLDINGS, LTD.,<br><br>                          Plaintiff,<br><br>v.<br><br>VALERIE HERNANDEZ; MARINA VEGA; MARIA VEGA,<br><br>                          Defendant. | Case No.:  16-cv-2942-BTM-BGS<br><br>**ORDER REMANDING CASE** |

On December 2, 2016, Valerie Hernandez ("Defendant"), a defendant in an unlawful detainer action originally filed in the Superior Court of California, County of San Diego, filed a Notice of Removal removing the action to this Court. (Notice of Removal, ECF No. 1.)  On December 12, 2016, Plaintiff filed a request for a sua sponte remand.  (Pl.'s Opp'n 3, ECF No. 3.)  The Court finds that Defendant's Notice of Removal fails to establish that this Court has subject matter jurisdiction over the removed action, and accordingly **REMANDS** the action to state court.

Subject to exceptions not applicable here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district

1  court of the United States for the district court and division embracing the place
2  where such action is pending." 28 U.S.C. § 1441(a).  The removal statute is
3  strictly construed against removal jurisdiction, and the removing defendant bears
4  the burden of establishing federal jurisdiction.  *California ex rel. Lockyer v.*
5  *Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

6  Defendant asserts that removal is proper on the basis of federal question
7  jurisdiction.  (Notice of Removal 2.)  She argues that Plaintiff's complaint rests on
8  federal law, namely the "Protecting Tenants at Foreclosure Act 2009" ("PFTA"),
9  12 U.S.C. 5220.  (Id.)  Plaintiff, on the other hand, asserts that there is no federal
10 question on the face of its complaint and that instead, Defendant is attempting to
11 assert a federal defense.  (Pl.'s Opp'n 2.)

12 "Congress has given the lower federal courts jurisdiction to hear, originally
13 or by removal from a state court, only those cases in which a well-pleaded
14 complaint establishes either that federal law creates the cause of action or that
15 the plaintiff's right to relief necessarily depends on resolution of a substantial
16 question of federal law." *Franchise Tax Bd. Of State of Calif. V. Constr. Laborers*
17 *Vacation Tr. for S. Calif.*, 463 U.S. 1, 27–28 (1983).  Whether a case "arises
18 under" federal law thus turns on the nature of the claims asserted in plaintiff's
19 complaint.  *See id.* at 10 ("For better or worse . . . a defendant may not remove a
20 case to federal court unless the plaintiff's complaint establishes that the case
21 'arises under' federal law").  "A federal defense, however, is 'inadequate to confer
22 federal jurisdiction.'"  *Dennis v. Hart*, 724 F.3d 1249, 1253 (9th Cir. 2013)
23 (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

24 Here, Plaintiff filed a complaint asserting only a cause of action for unlawful
25 detainer under California state law.  The complaint therefore does not state a
26 federal claim, nor does the asserted cause of action rest on federal law.
27 Defendant's allegations that Plaintiff violated the PFTA are, at most, a defense to
28 Plaintiff's unlawful detainer action.  The PFTA is a federal statute that provides

certain protections to tenants who reside in properties subject to foreclosure. 12 U.S.C. 5220. However, the law is clear that federal defenses do not confer federal question jurisdiction. *Dennis*, 724 F.3d at 1253. Moreover, the Ninth Circuit has held that the PFTA does not create a private right of action. *Logan v. U.S. Bank N.A.*, 722 F.3d 1163, 1173 (9th Cir. 2013).

The removing defendant bears the burden of establishing that removal is proper, and the Court resolves all ambiguity in favor of remand to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Where doubt regarding the right to removal exists, a case should be remanded to state court."). Defendant has failed to establish this Court's subject matter jurisdiction over this action. Therefore, the Court **REMANDS** this action to the Superior Court of San Diego, County of San Diego.

Defendant also filed a motion for leave to proceed in forma pauperis. Because the Court remands this action to state court, Defendant's motion is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated: December 21, 2016

*/s/ Barry Ted Moskowitz*

Barry Ted Moskowitz, Chief Judge
United States District Court